UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JASON LAMARS LEE, | ) | |
| Petitioner, | ) | 2:15-cv-00368-LDG-NJK |
| vs. | ) | **ORDER** |
| DWIGHT NEVEN, *et al.*, | ) | |
| Respondents. | ) | |

The petitioner has filed a motion for leave to proceed *in forma pauperis* accompanied by a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The motion shall be granted based on the information about petitioner's financial status. Thus, the clerk shall be directed to file the petition. Having conducted an initial review under Rule 4 of the Rules Governing Section 2254 Cases, the court shall order petitioner to show cause why this case should not be dismissed for lack of exhaustion.

A state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1); *Cook v. Schriro*, 538 F.3d 1000, 1025 (9th Cir. 2008). A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all

appellate stages afforded under state law. *Cook*, 538 F.3d at 1025; *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

Petitioner's petition presents one claim for relief in his petition. Based on information provided with the petition, it appears as if the claim has not been exhausted in state court. According to that information, petitioner was convicted in the state district court in August of 2013, but did not timely appeal to the Nevada Supreme Court. Even so, the state district court allowed him to avail himself of the procedural equivalent to a direct appeal, as outlined in *Lozada v. State*, 871 P.2d 944 (Nev. 1994). It appears as if that proceeding may still be pending in the state district court.

Petitioner's lone claim before this court is that the *Lozada* procedure violates his constitutional rights because it does not provide him with the right to bring a federal challenge to the effectiveness of his *Lozada* counsel in the same manner as he would be able to bring a federal challenge to the effectiveness of direct appeal counsel. Put another way, petitioner claims that the *Lozada* procedure forces him to waive his right to bring claims of ineffective assistance of appellate counsel in federal court. He also appears to be claiming that, because the *Lozada* procedure is designed to allow him to bring direct appeal issues in a post-conviction proceeding, it also undermines his ability to bring ineffective assistance of trial counsel claims.

Irrespective of whether petitioner's ground for relief has merit, he must first fairly present it to the Nevada Supreme Court for adjudication before this court can consider it. This court is reasonably certain that he has not accomplished this task. Accordingly, petitioner must show cause why his petition should not be dismissed without prejudice for complete lack of exhaustion. Petitioner is also cautioned that, by proceeding herein on this single claim, he may foreclose his opportunity to raise additional claims once his state court proceedings have concluded. *See* 28 U.S.C. § 2244(b)(2) (requiring federal court to dismiss a claim in a second or successive petition that was not presented in a prior petition, unless certain conditions are met).

1 **IT THEREFORE IS ORDERED** that petitioner's motion to proceed *in forma pauperis* (ECF No. 1) is GRANTED.  The clerk shall FILE the petition for writ of habeas corpus.  The clerk shall refrain from serving the respondents at this time.

4 **IT IS FURTHER ORDERED** that, within **thirty (30) days** of entry of this order, petitioner shall show cause in writing why the petition should not be dismissed without prejudice for lack of exhaustion.

7 **IT IS FURTHER ORDERED** that, if petitioner maintains that the claim in the petition has been exhausted, petitioner shall attach with his response copies of any and all papers that were accepted for filing in the state courts that he contends demonstrate that the claim is exhausted.  All factual assertions must be specific and supported by competent evidence.  If petitioner does not timely and fully respond to this order, or does not show adequate cause as required, the entire petition will be dismissed without further advance notice.

Dated this ___ day of May, 2015.

_____
UNITED STATES DISTRICT JUDGE

3