UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JASON LAMARS LEE,

      Petitioner,

vs.

DWIGHT NEVEN, *et al.*,

      Respondents.

2:15-cv-00368-LDG-NJK

**ORDER**

    On May 26, 2015, this court entered an order directing petitioner to show cause why this case should not be dismissed for lack of exhaustion. ECF No. 2. Petitioner has filed a response to that order. ECF No. 4. With some ambiguity, petitioner's response appears to ask this court to dismiss this case and appoint counsel to ensure that he receives direct review "on trial issues and the blatant *Lozada*[1] violation." *Id*., p. 5 (footnote added).

    Nothing in petitioner's response rebuts this court's presumption that petitioner has not exhausted state court remedies for the lone claim in his petition before proceeding with this federal habeas action. Moreover, a review of the online docket for the state district court

---

[1] This refers to *Lozada v. State*, 871 P.2d 944 (Nev. 1994), wherein the Nevada Supreme Court condoned a procedure by which a defendant may, in a post-conviction proceeding, avail himself of the procedural equivalent to a direct appeal in cases where counsel's conduct has deprived defendant of his fundamental right to a direct appeal.

1  (clarkcountycourts.us; Case No. C-11-270651-1) and the Nevada Supreme Court (nvcourts.gov;
2  Case No. 68111) confirms that petitioner's state court proceedings are still pending.  As such, this
3  court shall dismiss this proceeding without prejudice.  *See Jiminez v. Rice*, 276 F.3d 478, 481 (9th
4  Cir.2001) ("Once [Appellee] moved for dismissal, the district court was obliged to dismiss
5  immediately, as the petition contained no exhausted claims." (quotation marks and citation omitted)).
6       As for petitioner's request for appointment of counsel, this court notes that counsel has been
7  appointed by the state court and currently represents petitioner in his ongoing state court
8  proceedings.  Principles of federalism and comity require that this court abstain from intervening in
9  state criminal proceedings until those proceedings are completed and the petitioner exhausts
10  available judicial state remedies, unless special circumstances warranting federal intervention can be
11  found.  *See Carden v. Montana*, 626 F.2d 82, 83-84 & n. 1 (9th Cir. 1980); *see also Younger v.*
12  *Harris*, 401 U.S. 37, 43-54 (1971) (under principles of comity and federalism, a federal court should
13  not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief
14  absent extraordinary circumstances).  Petitioner has not demonstrated that this court should interfere
15  with ongoing state court proceedings by appointing him counsel in addition to, or in lieu of, the
16  attorney currently representing him in state court.
17       **IT IS THEREFORE ORDERED** that this case is DISMISSED without prejudice for
18  complete lack of exhaustion.  The Clerk shall enter judgment accordingly.
19       **IT IS FURTHER ORDERED** that petitioner's motion for voluntary dismissal and for
20  appointment of counsel (ECF No. 4) is DENIED.
21       **IT FURTHER IS ORDERED** that a certificate of appealability is DENIED, as jurists of
22  reason would not find the court's dismissal of this action to be debatable or incorrect.
23       Dated this ___19___ day of June, 2015.
24
25                                            SR. UNITED STATES DISTRICT JUDGE
26                                            LLOYD D. GEORGE